# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 11 Brandywine Drive, Horsham, PA 19044

Address of Defendant: 899 Horsham Road, Horsham, PA 19044

Place of Accident, Incident or Transaction: Hatboro-Horsham School District
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Joseph W. Montgomery, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 12/23/14    Joseph W. Montgomery    209527
                  Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/23/14    Joseph W. Montgomery    209527
                  Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
R.T., by and through her parents,
Alan and Darlene Thomas

## DEFENDANTS
Hatboro-Horsham School District

**(b)** County of Residence of First Listed Plaintiff: **Montgomery County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Montgomery County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Montgomery, Esq
Montgomery Law, LLC; 1420 Locust Street, Suite 420
Philadelphia, PA 19102; 215-650-7563

Attorneys *(If Known)*
Sweet Stevens Katz Williams
Christina M. Stephanos, Esq.
CStephanos@sweetstevens.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S. Code § 1400 et seq.; 42 U.S.C. § 12131 et seq.; Section 504 , 29 U.S.C. § 794
Brief description of cause:
Violation of IDEA and related common law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/23/2014
SIGNATURE OF ATTORNEY OF RECORD: *[signature]* Joe Montgomery

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| R.T., by and through her parents, Alan and Darlene Thomas <br> v. <br> Hatboro-Horsham School District | : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( x )

| December, 23rd 2014 | Joseph W. Montgomery | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-650-7563 | 215-893-4822 | joe@ed-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R.T., by and through her parents,<br>Alan and Darlene Thomas | :<br>:<br>:<br>: |
| v. | : Civil Action No.<br>:<br>: |
| Hatboro-Horsham School District<br>229 Meetinghouse Road<br>Horsham, PA 19044 | :<br>:<br>:<br>: |

## COMPLAINT

### *Preliminary Statement*

1. This action is brought by a student with disabilities and her Parents under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (hereinafter the "IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. During the administrative proceedings of this case, Plaintiffs successfully established that R.T. was denied a free appropriate public education ("FAPE"). As a result, the administrative hearing officer (IHO) ordered the Hatboro-Horsham School District to provide special education in the form of compensatory education, a revised Individualized Education Plan ("IEP"), an independent psychiatric evaluation, creation and implementation of a titration plan, home training from a BCBA, and reimbursement for independent educational observations. Accordingly, Plaintiffs are prevailing parties within the meaning of the IDEA and Section 504 of the Rehabilitation Act of 1973. They also seek certain relief under the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*

## Jurisdiction

2. This action is brought pursuant to 20 U.S.C. § 1401 et seq., 29 U.S.C. § 794, and 42 U.S.C. § 12131. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory provisions.

3. Venue in this district is proper under 28 U.S.C. § 1391(b).

## Parties

4. Plaintiff R.T., is a student who has been diagnosed with and receives services for autism. R.T. resides with her Parents in Horsham, Pennsylvania and within the borders of the Hatboro-Horsham School District.

5. Plaintiffs Alan and Darlene Thomas are R.T.'s parents who reside with their daughter in Horsham, Pennsylvania and within the borders of the Hatboro-Horsham School District.

6. The Hatboro-Horsham School District (hereinafter "District") is a governmental unit that administers the public schools within the school district. The District has a mailing and office address of 229 Meetinghouse Road, Horsham, PA 19044. The District is also a local educational agency ("LEA") within the meaning of the IDEA and Section 504.

## Statutory and Regulatory Background

7. The IDEA and its implementing regulations, 34 C.P.R. Part 300 et seq. require states and local school districts that receive funds under the Act to provide school age residents who have disabilities with a "free appropriate public education," comprised of, inter alia, special education and related services. See 20 U.S.C. § 1401(9); 34 C.P.R.§ 300.17.

8. The IDEA requires the states to provide a "free appropriate public education" (FAPE) to all students who qualify for special education services. 20 U.S.C. §1412

9. The IDEA also requires eligible students to be educated in the "least restrictive environment" which permits them to derive meaningful educational benefit. 20 U.S.C. § 1412(a)(5)

2

10. Section 504 of the Rehabilitation Act also requires that students with disabilities be provided access to a free and appropriate education. In addition, Section 504 prohibits the exclusion of, or discrimination against, any otherwise qualified individual with a disability by

federal fund recipients. Failure to provide accommodations and supplemental services constitutes discrimination for the purposes of the Rehabilitation Act.

11. For parents who prevail in an action or proceeding under the IDEA, Section 504 or the ADA, these laws authorize a Court to award reasonable attorneys' fees as part of the costs to a prevailing parent in an action or proceeding under the Act. 20 U.S.C. Sections 1415(i)(3)(B) and (C), 29 U.S.C.A. §794 a, and 42 U.S.C. § 12205.

## *Statement of Facts*

12. R.T.'s date of birth is October 31, 2001

13. R.T. is currently diagnosed as a student with Autism Spectrum Disorder and a Speech and Language Impairment

14. R.T. first received special education services in pre-school from the Montgomery County Intermediate Unit

15. R.T. attended Gwynedd Friends School and had the support of a one-on-one assistant trained in ABA, Applied Behavioral Analysis

16. RT attended Simmons Elementary School from first through fifth grade, and Keith Valley Middle School for sixth and seventh grade

17. R.T. attends general education classes with Itinerant Autistic Support and speech and language services. OT was discontinued in 2008

18. R.T.'s behaviors of concern have consistently been lack of on task responding, nonperformance of tasks, disruption in the form of yelling or screaming, calling out, loud noises at inappropriate times and isolation.

19. R.T. has always been assigned a one on one Personal Care Assistant throughout her school years, from pre-school through her current 7th grade placement. There has never been a systematic plan (titration plan) for permanently fading the PCA.

20. The PCA was gradually faded by the end of fifth grade but reinstated for the 2013-2014 school year without reference to any data indicating that that was an

3

appropriate decision.

21. The Parents have continually requested that the District fade the PCA as promised. However, the PCA has remained with R.T.

22. During the 2012-2013 school year, Parents sent a letter to the District noting their continuing concerns that R.T.'s behavioral needs were not being addressed and that she was regressing

23. Function Behavioral Assessments ("FBAs") as far back as 2008 have recommended the fading of the PCA assistance.

24. Fading of the PCA for various periods of time, although partially successful, was never consistent. A plan that all school staff involved with R.T. could follow that formally addressed the titration of the PCA in a manner that would allow R.T. to function independently never existed.

25. Upon review of all of the Behavior Intervention Plans ("BIPs") that have been developed for R.T., there has never been a formal, well operationalized protocol for either a prompting hierarchy when the assistant should step in, what the criteria are, what type of prompt should be given, or how to systematically fade the assistant's presence and support.

26. Prompting was left up to the discretion of the PCA

27. R.T. is dependent on the PCA and is unable to function independently socially, emotionally, and academically.

28. R.T. requires more support from the PCA than she did in earlier years

29. R.T. continues to exhibit the same types of inappropriate and disruptive behaviors that have existed from kindergarten through the present, including the inability to initiate conversation and make friends, as well as her consistent desire to isolate herself from others

30. R.T. has not made consistent and meaningful progress in the development and utilization of her social skills

31. R.T. was not provided with opportunities to generalize learned social and pragmatic language skills across various environments

32. The Parents require supports in the home to teach them the skills necessary to assist R.T. to generalize her social skills to other environments

33. R.T. continues to lack independence in Personal Maintenance Skills and Personal hygiene.

34. Rather than appropriately address R.T.'s regression and lack of progress, The District continues to modify R.T.'s program in a more restrictive manner

35. R.T. continues to regress

36. R.T. struggles with initiating classwork and needs directions repeated from the PCA as well as prompting approximately 50% of the time.

37. R.T. exhibits behaviors similar to those present in previous elementary years, which includes the inability to make friends, rarely participating in class discussions, and not engaging in conversation unless prompted

38. R.T. continues to have difficulty interacting with peers in the areas of pragmatic language and adaptability

39. R.T. has difficulty with social language and relating to others. When R.T. sees peers or adults from school she either hides behind her mother and/or makes growling/hissing noises

40. R.T.'s conversation with peers at school is extremely limited. She does not typically interact with others or participate regularly in class discussion. R.T. is not independent in this skill and does not generalize social interaction skills to other environments. Additionally, R.T. has been denied access to extracurricular activities. The District's position is that they are searching for an activity that is the "correct fit." The search has been ongoing and unsuccessful.

41. R.T. screams inappropriately at school and in the community when frustrated or asked to complete an undesirable task

42. R.T. has no friends and is unable to relate appropriately to peers. When asked to write a story about a friend, the teacher suggested that she write about her dog because she has neither friends nor a concept of human friendship

43. R.T. has exhibited some very significant behavioral issues in school, such as chatting with someone on the Internet, asking if they wanted to meet up and see a picture of her; smiling and laughing to internal stimuli; coming out of the school restroom with her pants down, claiming that her "vagina was broken," being disoriented, not remembering things, unable to distinguish if things or events actually happened; and curling up in a fetal position and yelling, just to name a few

44. Progress reporting in June of 2014, for the third trimester of the school year, reflected inconsistent or minimal progress in the goals for on task behavior; initiating conversations with peers in the school setting (particularly compared to

5

progress reporting from June 2013-April 2014); applying adaptive responses (with prompting); identifying and responding to anxiety and frustration (with prompting); and higher-level reading comprehension skills. Progress was indicated on goals for demonstrating behaviors in interactions with others in speech therapy and articulation

45. After many contacts with the School District, the Parent requested a due process hearing on April 16, 2014, alleging denial of a free and appropriate public education (FAPE) in the least restrictive environment (LRE).

46. The denial of FAPE violates the Rehabilitation Act, 20 U.S.C. § 794(a), as well as IDEA

47. The failure to comply with IDEA's procedures is actionable if it: (1) "impeded the child's right to a free appropriate public education"; (2) "significantly impeded the parents' opportunity to participate in the decision making process"; or (3) caused a deprivation of educational benefits." 20 U.S.C. Section 1415(f)(3)(E)(ii).

48. As memorialized in the issues presented by the IHO, Parents requested the following at due process: (a) compensatory education for the District's failure to provide R.T. with FAPE in the LRE; (b) parent training by a board certified Behavior Analyst (BCBA); (c) IEE for speech/language and psychiatric evaluations; (d) reimbursement for observations by the parent's private psychologist; (e) a determination as to whether student's educational program should include removal of the full time Personal Care Assistant (PCA); (f) a determination if the student should be placed prospectively in a private school or, alternatively, whether Student's IEP team should be directed to reconvene and determine an appropriate placement.

49. In the fall of 2014, the parties litigated the matter at due process.

50. Cathy A. Skidmore, M.Ed., J.D. served as the IHO

51. Written closing arguments were submitted on September 19th, 2014

52. On October 3, 2014, Hearing Officer Skidmore issued an opinion in favor of the Plaintiffs. See October 3, 2014, opinion and order, attached as Exhibit "A".

53. In that regard, Hearing Officer Skidmore found that the School District had denied Student FAPE in some respects; that directives must be given to the IEP team; that relief is warranted with respect to certain independent evaluations; and that compensatory education is an appropriate remedy for the denial of FAPE.

6

52. As a result, the IHO awarded the following:

(a) the District shall provide Student with 324 hours of compensatory education for the 2011-2012, 2012-2013 and 2013-2014 school years and shall extend into the 2014-2015 school year at 3 hours per week, until the first day of implementation of the plan to reduce the PCA support described in Paragraph 3 of this Order (b) on or before October 20, 2014, the District shall convene a meeting of Student's IEP team to revise the IEP to specifically provide for a plan for direct instruction in and opportunities to use social and pragmatic language skills in the general education environments; and develop a plan for reduction of PCA support (c) on or before October 13, 2014, the District shall provide to the Parents, in writing, a list of not less than three qualified individuals to perform an Independent Psychiatric Evaluation of Student of the Parent's choosing, from a list provided by the District (d) the District shall reimburse the Parent's private evaluator for the cost associated with his observations of Student in the summer of 2014 (e) within 45 days of the date of the order (October 3, 2014), the District shall provide 5 hours of training to the Parents by a BCBA, to afford them with resources and guidance to assist Student in learning to generalize social and pragmatic language skills into the home and community. The District shall have the discretion to select the BCBA who may be a District employee. The Parents shall have the discretion to determine where the training shall take place (home, school or community) and whether to involve wraparound service personnel.

53. The District offered merely 50 hours of compensatory education to resolve this complex matter. The District failed to make an offer which was "more favorable" than the IHO's decision ten days prior to the hearing. *See* 20 U.S.C. § 1415(i)(3)(D)(i). Plaintiffs prevailed at hearing, and the HHSD did not appeal that decision. Therefore, the matter is ripe for an award by the Court of attorney's fees and costs, as Plaintiffs are clearly prevailing parties in this lawsuit.

54. Under the IDEA, prevailing plaintiffs can recover their reasonable attorney's fees and costs. 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. § 300.517. In this case, Plaintiffs are prevailing parties and have filed this motion for attorney's fees and costs incurred by Montgomery Law, LLC ("Law Firm").

# CAUSES OF ACTION

## Count I
### Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*

55. Plaintiffs incorporate the above and below paragraphs as though fully set forth herein at length.

56. No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Americans with Disabilities Act, 42 U.S.C. §12132.

57. The School District is a "public entity" under the Americans with Disabilities Act 42 U.S.C. § 12131(1).

58. The School District is responsible for providing services, programs and or activities to school age children who reside within the borders of the school district.

59. R.T. has been diagnosed with Autism Spectrum Disorder and a Speech and Language Impairment

60. R.T. is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12131 and§ 12132.

61. Title II of the Americans with Disabilities Act requires that public schools: a) not discriminate against students on the basis of disability; and b) provide a reasonable accommodation to students with disabilities.

62. The District excluded R.T. from participation in and has denied her the benefits of its services, programs and activities.

63. The District has violated R.T.'s rights secured by the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. and 28 C.F.R. § 35.130, by, inter alia:

    a. Denying R.T., on the basis of her disabilities, the opportunity to participate in and benefit from education services, programs, and activities, including academic and nonacademic services and school activities, in violation of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.130(a) by failing to allow her to participate in any extracurricular activities and taking the position that they need to find a program that is the "right fit for R.T." rather than finding a reasonable way to fit R.T. into a program.

64. The District's failure to timely provide appropriate educational services, accommodations, and adaptations to R.T. has, among other things, exacerbated the

impact of R.T.'s disabilities, interfered with her ability to meaningfully participate with typically developing peers; and deferred her ability to engage and be included in age-appropriate educational opportunities, programs, and services to which she would have had access if she had received appropriate accommodations, adaptations, and related services in a timely manner.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against the Hatboro-Horsham School District on this Count, to compensate Plaintiffs for their reasonable attorney's fees and litigation costs, including expert costs, any financial losses that plaintiffs have suffered, and to grant any and all other relief that this Court may deem appropriate.

**Count II**
Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*

65. Plaintiffs incorporate the above and below paragraphs as though fully set forth herein at length.

66. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq., and its implementing regulations, 34 C.P.R. Part 104 et seq., require that students with disabilities be provided access to a free and appropriate public education and prohibit the exclusion of, or discrimination against, any otherwise qualified individual with a disability by federal fund recipients. Failure to provide accommodations and supplemental services constitutes discrimination for the purposes of the Rehabilitation Act.

67. A party establishes a Section 504 violation where (a) she is disabled, as defined by the Act; (b) she is 'otherwise qualified' to participate in school activities; (c) the school or the board of education receives federal financial assistance; and (d) she was excluded from participation in, denied benefits of, or subject to discrimination at, the school. 34 C.P.R. Part 104.2-104.4.

68. When an education agency, such as the School District, fails to provide a disabled child with a free and appropriate education, it violates Section 504.

69. As established by the IHO's decision, R.T. has been diagnosed with Autism Spectrum Disorder; she is disabled as defined by the act. See Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20).

70. The District denied R.T. FAPE

71. Specifically, the School District violated R.T.'s rights under Section 504, *inter alia*, when it

    (a) failed to appropriately implement a plan to fade R.T.'s PCA

    (b) failed to provide R.T. with a free and appropriate education

    (d) failed to address R.T.'s psychiatric needs

    (e) failed to allow R.T. access to extracurricular activities

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against the Hatobor-Horsham School District on this Count, to compensate Plaintiffs for their reasonable attorney's fees and litigation costs, including expert costs, any financial losses that plaintiffs have suffered, and to grant any and all other relief that this Court may deem appropriate.

## Count III
### IDEA, 20 U.S.C. §§ 1400 *et seq.*

72. Plaintiffs incorporate the above and below paragraphs as though fully set forth herein at length.

73. The IDEA and its implement regulations require that students with disabilities be provided access to a free and appropriate public education (F APE).

74. As noted above, the IHO found that the District had failed to provide R.T. FAPE by failing to have an appropriate titration plan for R.T.'s full-time Personal Care Assistant. The presence of a PCA without an appropriate plan for the removal of that PCA led to R.T. being in an overly restrictive environment and was in direct violation of 20 U.S.C. § 1412(a)(5).

75. As a result, the Hearing Officer awarded the relief that Plaintiffs had requested in their due process complaint.

76. Plaintiffs are prevailing parties in this matter

77. Plaintiffs have a right to have the School District pay for their attorney's fees and certain associated costs.

78. At all relevant times, Plaintiffs were represented by the undersigned.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against defendant, the Hatboro-Horsham School District on this Count, to

compensate Plaintiffs for their reasonable attorney's fees and litigation costs, and to grant any and all other relief that this Court may deem appropriate.

Respectfully Submitted,
MONTGOMERY LAW, LLC

*[signature]*

Joseph Montgomery, Esquire
Attorney ID 209527
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-650-7563
joe@ed-law.com
Attorney for Plaintiffs

Dated this 23rd day of December, 2014

# Exhibit A

*This is a redacted version of the original decision. Select details have been removed from the decision to preserve anonymity of the student. The redactions do not affect the substance of the document.*

# Pennsylvania
# SPECIAL EDUCATION HEARING OFFICER

DECISION

Child's Name: R.T.

Date of Birth: [redacted]

Dates of Hearing:

June 18, 2014
August 8, 2014
August 11, 2014
August 28, 2014

OPEN HEARING

ODR File No. 14915-1314AS

| | |
|---|---|
| Parties to the Hearing:<br>Parent[s] | Representative:<br>Joseph W. Montgomery, Esquire<br>Montgomery Law, LLC<br>1420 Locust Street, Suite 420<br>Philadelphia, PA 19101 |
| Hatboro-Horsham School District<br>229 Meetinghouse Road<br>Horsham, PA 19044 | Christina M. Stephanos, Esquire<br>Sweet, Stevens, Katz & Williams LLP<br>331 E. Butler Avenue<br>New Britain, PA 18901 |
| Date Record Closed:<br>Date of Decision: | September 19, 2014<br>October 3, 2014 |
| Hearing Officer: | Cathy A. Skidmore, M.Ed., J.D. |

## INTRODUCTION AND PROCEDURAL HISTORY

The student (hereafter Student)[1] is a preteen-aged student in the Hatboro-Horsham School District (District) who is eligible for special education pursuant to the Individuals with Disabilities Education Act (IDEA).[2] Student's Parents filed a due process complaint against the District asserting that it denied Student a free, appropriate public education (FAPE) under the IDEA and Section 504 of the Rehabilitation Act of 1973,[3] as well as the federal and state regulations implementing those statutes, and sought various forms of relief.

The case proceeded to a due process hearing convening over four sessions, at which the parties presented evidence in support of their respective positions. The Parents sought to establish that the District failed to provide Student with FAPE throughout the time period in question, and requested a number of remedies including compensatory education, specific Independent Educational Evaluations (IEE) at public expense, and explicit directives for Student's programming moving forward: placement in an approved private school and/or specific directives to the Individualized Education Program (IEP) team. The District maintained that its special education program, as offered and implemented, was appropriate for Student and that no remedy was warranted. A request by the Parents to have their independent evaluator observe Student during the course of the proceedings at public expense was denied, but they were not precluded from seeking reimbursement for those observations as part of their IEE claim.

For the reasons set forth below, I find in favor of the Parents on a portion of their claims and will order appropriate relief. I decline to order a prospective private placement.

---

[1] In the interest of confidentiality and privacy, Student's name and gender, and other potentially identifiable information, are not used in the body of this decision.
[2] 20 U.S.C. §§ 1400-1482.
[3] 29 U.S.C. § 794.